IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BOGGS, | : | CIVIL ACTION NO: |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| CORRECTIONS OFFICERS | : | |
| HANDWERK, GREGORY, | : | |
| FAIRCHILD, and FOX, individually | : | |
| and as Montgomery County | : | |
| Corrections Officers, | : | |
| JOHN/JANE DOES 1-5, individually | : | |
| and as Montgomery County | : | |
| Corrections Officers and Employees of | : | |
| Montgomery County, | : | |
| MONTGOMERY COUNTY | : | |
| | | |
| **Defendants.** | | |

## COMPLAINT

**AND NOW** comes Plaintiff, Jeffrey Boggs, by and through the undersigned counsel, Matthew R. Kline, Esquire, and the law firm Kline, Topolewski & Frishberg and avers as follows:

## INTRODUCTION

This case involves Jeffrey Boggs. On or about June 20, 2014, the then-34 year-old Mr. Boggs was incarcerated at Montgomery County Correctional Facility. At that time, Mr. Boggs was assaulted by several correctional officers. During the assault, Mr. Boggs was struck in various parts of his body with kicks, punches, and

stomps. He was also struck by handcuffs being used as a weapon. After the attack, a towel was put over his head and he was dragged to the medical unit where his bleeding wounds were tended to by medical staff. The assault left scarring on Mr. Boggs' face and caused severe injuries, the full extent of which are not yet known.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is founded upon 28 U.S.C. § 1331.

3. Venue is proper in this Court, as all parties are located within the Eastern District and the cause of action arose in the Eastern District.

4. All of the Defendants' actions described in this Complaint were taken under color of state law.

5. All damages suffered by Ms. Boggs were the direct result of actions taken by Defendants.

## PARTIES

6. Plaintiff, Jeffrey Boggs (hereinafter "Mr. Boggs"), is an adult individual residing in Norristown, Montgomery County, Pennsylvania.

7. Defendant Corrections Officer Handwerk (hereinafter "Defendant Handwerk") is an adult individual who, during all relevant times described herein, was employed as a corrections officer by Montgomery County, and

working at the Montgomery County Correctional Facility ("MCCF"), 60 Eagleville Road, Eagleville, Montgomery County.

8. Defendant Corrections Officer Fox (hereinafter "Defendant Fox") is an adult individual who, during all relevant times described herein, was employed as a corrections officer by Montgomery County, and working at the Montgomery County Correctional Facility, 60 Eagleville Road, Eagleville, Montgomery County.

9. Defendant Corrections Officer Fairchild (hereinafter "Defendant Fairchild") is an adult individual who, during all relevant times described herein, was employed as a corrections officer by Montgomery County, and working at the Montgomery County Correctional Facility, 60 Eagleville Road, Eagleville, Montgomery County.

10. Defendant Corrections Officer Gregory (hereinafter "Defendant Gregory") is an adult individual who, during all relevant times described herein, was employed as a corrections officer by Montgomery County, and working at the Montgomery County Correctional Facility, 60 Eagleville Road, Eagleville, Montgomery County.

11. Defendants John Does 1-10 (hereinafter "John Does or John Doe Defendants") are adult individuals who, during all relevant times described herein, were corrections officers and other employees of Montgomery

County, and working at the Montgomery County Correctional Facility and other Montgomery County locations.

12. Montgomery County is a political subdivision of the Commonwealth of Pennsylvania with offices at One Montgomery Plaza, Norristown, Pennsylvania 19404.

## FACTS

13. On June 20, 2014 Mr. Boggs was being temporarily held in a restricted section of MCCF known as "K-Block".

14. On that day, Defendant Gregory walked into his cell, followed by Defendants Fairchild, Fox and Handwerk.

15. Defendant Gregory then grabbed hold of Mr. Boggs and throw him into the middle of Defendants Fairchild, Fox and Handwerk who were outside the cell.

16. Defendants Gregory, Handwerk, Fairchild and Fox then commenced with a beating of Mr. Boggs.

17. Mr. Boggs was punched, kicked, stomped and handcuffs were used to strike him.

18. Both identified defendants and John Doe defendants had the opportunity to intervene and stop the assault but did not do so.

19.  A towel was then placed over his head and he was taken to the medical unit.

20. No ambulance was called and Mr. Boggs was not taken to a hospital.

4

21. He was treated in the medical unit, only, by Nurse Reinhardt and then transferred back to "K-Block" to an upstairs, single-person cell.

22. Mr. Boggs was kept isolated for approximately one week while his wounds started to heal and he was later transferred out of "K-Block" to another part of the facility.

23. Mr. Boggs filed a grievance in accordance with MCCF policy with Social Worker Bucci shortly after the incident.

24. No one replied to his grievance.

25. After some time had passed, Mr. Boggs was verbally told his grievance was "without merit" and nothing would be done.

26. Mr. Boggs protested and insisted that he be allowed to file an appeal.

27. He was told again that his grievance was "without merit" and he could not appeal it; Mr. Boggs was refused access to the appeal process.

28. Mr. Boggs suffered injuries to his face, head, and various parts of his body during the violent attack.

29. The attack also left Mr. Boggs with facial scarring, which is present to this day.

30. The full extent of Mr. Boggs' injuries are not yet known.

## COUNT I

### Plaintiff v. Defendants Gregory, Handwerk, Fairchild and Fox
### Eighth Amendment – Excessive Force by Cruel and Unusual Punishment
### Pursuant to 42 U.S.C. § 1983

31. Paragraphs 1-30 are stated herein by reference.

32. Pursuant to the Eighth Amendment of the United States Constitution, a prisoner may not be subjected to malicious and excessive force meant to cause harm.

33. Defendants had no basis for physically interacting with Mr. Boggs, let alone effectuating a group beating.

34. The Eighth Amendment to the United States Constitution exists to prevent these types of unlawful actions by corrections officers.

35. The unlawful acts committed by Defendants were for the purpose of intimidating Mr. Boggs and causing him harm.

36. As a direct and proximate result of the unlawful acts, Mr. Boggs suffered emotional injuries by way of intimidation, fear, humiliation and Mr. Boggs also suffered severe physical injuries.

37. Mr. Boggs claims damages as a result of the injuries suffered during the unlawful acts, which violated his rights under the United States Constitution and corresponding laws of the United States.

## COUNT II

### Plaintiff v. John Doe Defendants and
### Defendants Gregory, Handwerk, Fairchild and Fox
### Eighth Amendment – Failure to Intervene
### Pursuant to 42 U.S.C. § 1983

38. Paragraphs 1-37 are stated herein by reference.

39. Pursuant to the Eighth Amendment of the United States Constitution, corrections officers have a duty to intervene and stop the assault of an inmate by other corrections officers.

40. John Doe Defendants witnessed Defendants Gregory, Handwerk, Fairchild and Fox conduct a beating of Mr. Boggs and did nothing to stop it.

41. Along with the John Doe Defendants, Defendants Gregory, Handwerk, Fairchild and Fox each had the opportunity to intervene on behalf of Mr. Boggs and did not do so.

42. As a direct and proximate result of the failure to intervene, Mr. Boggs suffered severe physical and emotional injuries.

43. Mr. Boggs claims damages as a result of the attack, which violated his rights under the United States Constitution and corresponding laws of the United States.

## COUNT III

### Plaintiff v. Defendant Montgomery County
### Failure to Train or Supervise

44. Paragraphs 1-43 are stated herein by reference.

45. Defendant Montgomery County had a duty to adequately train its employees at MCCF to prevent the types of constitutional violations suffered by Mr. Boggs.

46. Defendant Montgomery County had a duty to adequately supervise its employees to prevent the types of constitutional violations suffered by Mr. Boggs.

47. Defendants Gregory, Handwerk, Fairchild and Fox conducted a beating of Mr. Boggs and John Doe Defendants did nothing to stop it.

48. Defendants Gregory, Handwerk, Fairchild and Fox each also had the opportunity to intervene on behalf of Mr. Boggs, but none of these defendants did so.

49. Defendant Montgomery County was aware that corrections officers would frequently encounter situations where decisions regarding the treatment of inmates would be made.

50. Defendant Montgomery County was aware that corrections officers would encounter situations where intervention of behalf of an inmate being subject

to constitutional violations would be required in order to either outright prevent or minimize the violations and related damages.

51. Defendant Montgomery County was aware of the history of corrections officer employees mishandling these decisions and mishandling such situations.

52. Defendant Montgomery County was further ware that such mishandling often caused violations of the Eighth Amendment rights of inmates.

53. The failure to adequately train and supervise Defendants Gregory, Handwerk, Fairchild and Fox and John Doe Defendants resulted in the assault of Mr. Boggs.

54. The failure to adequately train and supervise Defendants Gregory, Handwerk, Fairchild and Fox and John Doe Defendants resulted in no one intervening to stop the assault.

55. As a direct and proximate result of these failures by Defendant Montgomery County, Mr. Boggs suffered severe physical and emotional injuries.

56. Mr. Boggs claims damages as a result of these severe physical and emotional injuries, which violated his rights under the United States Constitution and corresponding laws of the United States.

## COUNT IV

### Plaintiff v. John Doe Defendants and
### Defendants Gregory, Handwerk, Fairchild and Fox
### Eighth Amendment – Denial of Medical Care
### Pursuant to 42 U.S.C. § 1983

57. Paragraphs 1-56 are stated herein by reference.

58. Mr. Boggs was in the custody of Defendants when the severe beating left him in need of serious medical care.

59. Defendants knew of the seriousness of his medical condition but only allowed Mr. Boggs to be treated in the medical unit of MCCF.

60. It was obvious to Defendants that emergency medical care was required and an ambulance should have been called immediately.

61. Mr. Boggs should have been transported to a hospital and treated for both visible and closed-head injuries.

62. As a direct and proximate result of Defendants failure act, Mr. Boggs suffered more severe injuries, the full extent of Mr. Boggs' injuries are not yet known.

63. Mr. Boggs claims damages as a result of the denial of medical care which violated his rights under the United States Constitution and corresponding laws of the United States.

**WHEREFORE**, the Plaintiff respectfully requests that a judgment be entered in his favor as follows:

A. That this Court declares that the Defendants' actions violated his constitutional and statutory rights;

B. Compensatory damages;

C. Punitive damages;

D. Reasonable attorney's fees and costs;

E. A jury trial; and,

F. Such other financial or equitable relief as is reasonable and just.

**KLINE & TOPOLEWSKI, P.C.**

Date:  June 16, 2016                    */s/ Matthew R. Kline*_____
                                         **Matthew R. Kline, Esquire**
                                         PA Supreme Ct. I.D. 86922
                                         P.O. Box 571, Valley Forge, PA 19481
                                         Phone:        267.269.1990
                                         Fax:          267.678.0129
                                         Email:        matt@ktfattorneys.com